# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>Plaintiff,<br><br>vs.<br><br>RUTH BERMUDEZ MONTENEGRO,<br><br>Defendant. | Case No.: 3:18-cv-0953-MMA-NLS<br><br>**ORDER:**<br><br>**1) DENYING REQUEST FOR EXPEDITED REVIEW AND MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**[Doc. Nos. 2, 4]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

STEVEN WAYNE BONILLA ("Plaintiff"), currently incarcerated at San Quentin State Prison ("SQ") located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff seeks to void his Alameda County criminal judgment and death sentence and to be released "from unlawful incarceration and false imprisonment." (*Id.* at 3.) He

claims Judge Montenegro "maliciously abused the legal process to deny [him] due process/meaningful access to the courts/ [and] equal protection, all while acting under color of authority," and "in collusion with the prosecution's civil conspiracy" to "arbitrarily either refuse[] to file/process/hear," and/or for denying his "properly submitted motions for habeas corpus relief." (*Id.* at 7, 19.)[1]

Plaintiff did not prepay the filing fee required to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2), followed by a Request for Expedited Review and Judicial Notice (Doc. No. 4).[2]

**I.      Motion to Proceed IFP**

   A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however,

---

[1] Plaintiff does not identify the jurisdiction in which Judge Montenegro presides, nor does he identify the habeas corpus petitions she allegedly dismissed "in collusion with the prosecution[.]" (*Id.* at 19.) The Court takes judicial notice, however, that over the course of the last 18 years, Plaintiff has filed *752* separate civil rights actions and habeas corpus petitions, primarily in the Northern District of California, which is where Alameda County is situated, where he was convicted by jury of first degree murder with special circumstances and sentenced to death, and where he is currently incarcerated. *See People v. Bonilla*, 42 Cal. 4th 313 (2007); https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=6f2ee80 451eb4b5b938305377ac06ca8 (last visited June 21, 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and quotations omitted).

[2] In this document, Plaintiff claims his conviction was "knowingly secured by the prosecution's use of fraudulent documentation and perjured testimony," and therefore 18 U.S.C. § 4 "demands the Judge to take corrective action or be held liable for misprision of felony." *See* Doc. No. 4 at 1, 2 (citing 18 U.S.C. § 4 ("Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.")). However, Plaintiff may not employ § 1983 as a means of bringing federal criminal charges against anyone. *See Greenlaw v. United States*, 554 U.S. 237, 246 (2008) ("'[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'") quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)).

"face … additional hurdle[s]." *Id.* Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or

3

failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff plainly seeks to vacate his Alameda County criminal conviction and sentence and to sue Judge Montenegro pursuant to 42 U.S.C. § 1983 for allegedly refusing and/or dismissing an unidentified habeas petition. *See* Doc. No. 1 at 7-11.

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also*

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Based on the records and court proceedings available on PACER, this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 1200027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Request for Expedited Review and Judicial Notice (Doc. No. 4) and his Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: June 22, 2018

HON. MICHAEL M. ANELLO
United States District Judge